UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4334

JOHN DANIEL LEASURE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-95-54)

Submitted: January 28, 2000

Decided: February 23, 2000

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David N. Montague, Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Arenda L. Wright Allen, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Daniel LeaSure was resentenced to forty-five months imprisonment following a remand by this court.**1**  He alleges on appeal that the district court misinterpreted our remand order and failed to recognize its authority to grant his motion for a downward departure. We agree and, therefore, vacate LeaSure's sentence and remand the case with instructions for the district court to comply with our original remand order.

The facts associated with the underlying misconduct are set forth in our original opinion and will not be repeated here. Procedurally, LeaSure was convicted at a bench trial of possessing silencers without serial numbers in violation of 26 U.S.C. § 5861(i) (1994). At sentencing, the district court, sua sponte and with virtually no explanation, departed downward nine levels from LeaSure's normal Guidelines range. LeaSure appealed his conviction, and the Government cross-appealed the court's decision to depart. We affirmed the conviction, but vacated the sentence and remanded the case with instructions for the district court to identify the factors it considered in arriving at its departure decision. At resentencing, the district court denied LeaSure's oral motion for a downward departure and sentenced him within the Guidelines range.**2**

Our review of the resentencing transcript clearly shows that the district court was under the misperception that we rejected the reasons given by Judge MacKenzie for departing downward and ordered a sentence within the normal Guidelines range. There is nothing in our prior opinion accepting or rejecting the ultimate decision to depart. To the contrary, we remanded the case because there was not enough information to permit meaningful review. The district court made its original departure decision less than a month before the Supreme Court rendered its decision in Koon v. United States, 518 U.S. 81

---

**1** **See United States v. LeaSure**, 110 F.3d 61, 1997 WL 137982 (4th Cir. Mar. 27, 1997) (unpublished).
**2** The original sentencing judge, Senior Judge MacKenzie, retired. As a result, the resentencing hearing was conducted before a different judge.

(1996). As a result, the district court was unaware of the need to make a more "refined assessment" of the factors that went into its departure decision. Without such an assessment, it was impossible for this court to determine whether the departure constituted an abuse of discretion.[3] Accordingly, we vacate the district court's resentencing order and remand the case for re-sentencing by the district court, which, in its discretion, shall have full authority to fashion a sentence it considers appropriate under all the circumstances, articulating its own reasons, if any, why a departure from the Guidelines is warranted.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

[3] While LeaSure gave numerous reasons which he believed justified a departure, we could only speculate as to which of these factors the district court relied upon to make its original departure decision.
[4] We need not address LeaSure's claim that the district court erroneously believed that it lacked the authority to depart. We find that any such error was a function of the court's mistaken belief that we reversed Judge MacKenzie's departure decision.